(54 South. 738.)

No. 18,606.

McCLOSKEY v. NEW ORLEANS BREWING CO.

(Feb. 13, 1911. Rehearing Denied March 27, 1911.)

*(Syllabus by the Court.)*

1. CORPORATIONS (§ 404*)—POWER OF DIRECTORS.

The clauses in the charter of the defendant providing that the affairs of the corporation shall be liquidated by commissioners with full power to sell any and all assets and that clause providing that the stockholders are authorized to sell the entire plant of the corporation have to do with its final liquidation. They do not limit or restrict the clauses of the charter which vest the board of directors with general power to do all that the corporation may do, among which things is the operation of one or more breweries.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1633–1639; Dec. Dig. § 404.*]

2. INJUNCTION (§ 72*)—CORPORATIONS—POWER OF DIRECTORS—SALE OF ASSETS.

The board of directors is vested with considerable powers, and, in the absence of an allegation of fraud, this court will not stop the defendant, whose charter gives the right to operate one. or more, breweries from selling one of these brewing plants when the board of directors deems it advisable to do so. To enjoin the sale as asked by the plaintiff would be to compel defendant to operate two breweries when in the judgment of the board of directors only one was needed, and to do this would substitute the judgment of the court for that of the board of directors elected by the stockholders.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 138; Dec. Dig. § 72.*]

3. CORPORATIONS (§ 393*) — MANAGEMENT — COURT INTERFERENCE.

This court will not readily interfere with the acts of the board of directors in the management of a·corporation in the absence of a clear showing of fraud, or a breach of trust, for there is a presumption that the acts of the board of directors are for the good of the corporation. If the stockholders are not satisfied with the management and acts of the board of directors, their remedy lies in the election of another board, and the court will not take away the management of the corporation from the board of directors, because some stockholders do not approve some of their acts.

[Ed. Note —For other cases, see Corporations, Cent. Dig. §§ 1574, 1575; Dec. Dig. § 393.*]

4. PLEADING (§ 17*)—SUFFICIENCY OF PETITION—ARGUMENTATIVE ALLEGATION.

The statement in the petition that the sale of one of its breweries by the defendant would prove of advantage to a rival brewing company is purely inferential and argumentative, and cannot be considered as an allegation in determining the exception of no cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 38, 350; Dec. Dig. § 17.*]

Appeal from Civil District Court, Parish of Orleans; W. B. Sommerville, Judge.

Action by John McCloskey against the New Orleans Brewing Company. Judgment for defendant, and plaintiff appeals. Affirmed.

McCloskey & Benedict, for appellant. Howe, Fenner, Spencer & Cocke, for appellee.

BREAUX, C. J. Plaintiff furnished a $20,000 bond, amount of bond required by the district court, for an injunction, and obtained an injunction restraining the New Orleans Brewing Company from selling one of the breweries of the company.

Plaintiff owned over $40,000 of the preferred stock of the defendant company.

He substantially charged that, on the 21st day of November, 1910, the board of directors of the defendant company entered into an agreement of sale with Chas. Wagner, a party interposed by a rival company to sell him one of its breweries.

The price fixed for this purchase is $160,-000.

Plaintiff annexed a copy of the charter to his petition.

Plaintiff alleges that the brewery in question is well equipped and has up-to-date improvements; that it also has good will that will pass to the purchaser; the sale will have a depreciating effect on the remaining plant of the defendant; that it will not be possible for it to carry out its charter obligations.

The record shows that the New Orleans Brewing Company has been fairly successful and has met all of its obligations.

The plaintiff's contention is that its days of fairly good success will come to an end if the sale of one of its plants be made as proposed, and that in the end the company will be in the hands of a receiver with no hope of success.

Defendant excepted to plaintiff's petition on the ground that it showed no legal cause of action.

This exception was maintained and plaintiff's suit dismissed.

The authority of the board of directors, under the terms of the charter, which board is charged with having acted ultra vires, requires special attention.

The charter shows that it was the purpose of the corporation to maintain one or more breweries and manufacture lager beer and other malt liquors; sell the products, operate cold storage and other plants; own beer gardens and other places of amusement; and generally do all necessary to promote the interest of the corporation.

The capital stock of the corporation is $2,790,000, divided into 27,900 shares of $100 each.

There are two series of stock; one preferred, the other common.

The preferred was fixed at $1,100,000, on which an annual interest of 5 per cent. was to be paid under the direction of the board of directors.

The charter also contains provisions in regard to the common stock.

This large interest, as we understand, has been properly administered to date, and there would be no suit were it not that plaintiff disapproves of the proposed sale, which he has enjoined.

Under the charter, at its expiration, or at the dissolution of the corporation, its affairs are to be liquidated by three commissioners, who are vested with full power to sell any and all of the assets.

Plaintiff raised the point that the power of selling is not vested in the board of directors, but in these commissioners; that, from this, it results that the board of directors is going beyond its authority under the charter.

In urging this point, plaintiff does not charge the board with any intentional wrong or fraud or bad faith.

In another part of the charter, the stockholders are authorized to sell the entire plant of the corporation.

The reference to the entire plant of the corporation, and in fact all reference to sales of the property by stockholders, gives rise to the inference that the purpose in inserting these clauses in the charter was to authorize the stockholders, at the final liquidation of the company, to meet and dispose of the entire property.

The reference in that connection is always made to the whole property.

As relates to the proposed sale enjoined: The board of directors were offering to sell a part of the property, which, presumably, in their judgment, they deemed to the interest of the company to sell.

In this respect, the plaintiff did not agree with them; that is, in thinking that it would subserve the interests of the company.

Under the terms and conditions of the

charter, very considerable authority is vested in the board of directors. They have the general power, according to one of the clauses, which the corporation itself has.

Indeed, some of the powers conferred are broad enough to justify acts purely administrative, and even other powers.

We do not wish to be understood as holding that it was intended by the charter to invest the board of directors with the power of selling part of its property without the least regard to the rights of the corporation. None the less, in view of the many powers conferred, it may sell part of the property if deemed to the interest of the concern.

We have noted that this board is authorized to operate one or two breweries.

If, in the discharge of its duty, it arrived at the conclusion that one of the breweries should be sold and the operations reduced to one, it does not appear to us that there was any great violation of the charter; certainly nothing in this act looking to the liquidation of the company.

There is a presumption sustaining the correctness of the board's management and its acts, until it is made evident that there is some sort of wrong intended.

Nothing of the kind is charged.

We are inclined to hesitate in matter of a large and successful enterprise, for, if the injunction were made perpetual, we would be substituting our judgment to that of the board of directors, and they would be compelled to operate two breweries instead of one despite the fact that, in their own judgment, one is preferable.

There are certain charges in plaintiff's petition, if they were controlling, would render it necessary to remand this case for trial on the merits.

They would be controlling if they were not argumentative or inferential, founded on apprehension of possible loss.

These are not facts alleged and admitted for the purpose of the hearing of the exception of no cause of action.

Apprehension that some act in the future might result disastrously—we do not think, under the issues as presented, that such apprehension is before us.

It might be that plaintiff's judgment would have a good influence on the management; but this can best be accomplished by his exerting his influence over his fellow stockholders to elect others to carry out his view.

The remedy of stockholders is in joining a sufficient number in electing directors to manage the corporation in conformity with their views.

Or, says Thompson on Corporations, vol. 3, p. 2886, § 3974, if the existing directors persist in a course of management to the extent of amounting to a breach of trust, the stockholders may appeal to a court of equity.

We have seen that here there is no question of a breach of trust. The directors have done nothing of the kind; they have not attempted to reduce the stock nor to make any change with reference to the capital. The only purpose is to sell the one property, for adequate consideration, we infer.

According to the terms of the charter, the annual election of the board of directors is to be held on the second Monday of February.

Directors are trustees. The body of stockholders, being the cestui que trust, can render the sale valid by approval.

If the required number of votes of the stockholders agree with plaintiff, the remedy is at hand; if the stockholders re-elect the present board, it will have very much the appearance of an estoppel as relates to the proposed sale or of an approval. It will certainly present the appearance of an acquiescence.

In our opinion, it is advisable to let the present board, which will be elected this

month, deal with the problem presented. They are interested and are the best judges of their interest.

It must be borne in mind that this is a going corporation, satisfactorily administered, even in plaintiff's judgment, save and except as to the sale of one of the plants.

Were the court to interfere, its authority might have the effect of compelling the corporation to hold property against the judgment of the board of directors, and thereby embarrass them materially.

The general power of the board, to which we have referred, is restricted by clauses directed to the liquidation of the corporation. The latter clauses confer a right on all the stockholders in which all are equally concerned.

The special power of the board of directors, vested in them "necessary to carry into effect the objects and purposes of the corporation," is not restricted by the power granted to the stockholders to liquidate or sell all the property.

One of the contentions of the plaintiff is that the sale enjoined will be quite favorable to an opposing brewery.

It is a matter of judgment; whether good or bad is not for us to determine.

It is sometimes thought by business men that competition is favorable to a fair return in business.

We have considered all the different grounds, and have arrived at the conclusion that we ought not to interfere in this business.

The defendant company was given all the powers of a corporation, which has been placed in the hands of a board of directors to which general power there is a limit, it is true, but not one which prevents this board from selling part of the plant in good faith, which they deem is to the interest of the company.

We state they are empowered to do all acts "which they deem is to the interest of the company."

Stockholders cannot take the business out of the hands of the board of directors without very good causes.

That might be the result were directors enjoined.

While there are many decisions rendered in cases in which stockholders seek to protect themselves by an injunction against fraud and bad faith of dishonest directors, there are very few decisions rendered with regard to the acts of boards of directors that act in good faith.

In Cook on Stockholders & Corporation Law (3d Ed.) § 681, p. 681, and other pages, we find reference to a decision according to which the stockholder in a hotel company cannot enjoin the managers from leasing a part of the property for other purposes; there being sufficient accommodation left for the hotel.

It is not difficult in this case to infer, even in face of the admission, that one brewery is enough in the opinion of the board for the company's business.

Again, we are informed by the same text-writer that the courts are becoming more liberal, and many acts which 50 years ago would have been ultra vires will now be held to be intra vires, and that the courts have gradually recognized the implied powers in ordinary corporations, and that these corporations may do many things that individuals do in business, provided that the stockholders and creditors do not object; that ultra vires has been relaxed.

The law and the evidence being in favor of the defendant, the judgment of the district court is affirmed.